UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
JURI ROSARIO,

                                                                     Civil Action No.: 1:15-cv-293

                      Plaintiff,

            vs.                                                   **COMPLAINT**

                                                                      **DEMAND FOR JURY TRIAL**

MERCANTILE ADJUSTMENT BUREAU, LLC,

                    Defendant.
------------------------------------------------------------------

      Plaintiff Juri Rosario ("Plaintiff"), by and through his attorneys, Law Offices of Michael Lupolover, P.C., as and for his Complaint against the Defendant Mercantile Adjustment Bureau, LLC ("Defendant" and/or "MAB") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION

      1.      This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by Defendant and their collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

      2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction over any state, local and common law claims in this action pursuant to 28 U.S.C. §1367(a).

      3.      Venue is proper in this District 28 U.S.C. § 1391(b)(1) and (2) because the acts and transactions occurred here, Defendant resides here, and Defendant transacts business here.

## PARTIES

4.     Plaintiff is a natural person who resides in the State of New Jersey and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant MAB is a debt collection agency and New York business entity that regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another in this state and judicial district with its principal place of business located at 165 Lawrence Bell Drive, Suite 100, Williamsville, NY 14221.

6.     Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

7.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.     On information and belief, on a date better known to the Defendant, Public Service Electric & Gas, either directly or through intermediate transactions assigned, placed, transferred, or sold a consumer debt to MAB for collection ("the alleged debt").

9.     The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

10.    The alleged debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11.    Plaintiff is alleged to have incurred the alleged debt.

12.    In or about October 2014, Plaintiff ran a copy of his credit report. Plaintiff identified a trade line on same populated by Defendant.

13. Plaintiff has never done business with Defendant.

14. The alleged debt due and owing to Defendant was listed as "Public Service Electric Gas" in the amount of $452.00; Plaintiff did not recognize the balance of the alleged debt and the dates of service.

15. On January 5, 2015, Plaintiff disputed the trade line with Defendant directly, and requested documentation regarding, *inter alia*, the origination of the underlying debt. This dispute request was sent to Defendant via facsimile directed to number 716-929-8204.

16. On information and belief, fax number 716-929-8204 belongs to Defendant's legal/compliance department.

17. Plaintiff, having received no response from Defendant, ran his credit report again on March 24, 2015. The trade line populated by Defendant regarding the unknown "Public Service Electric Gas" debt was not marked as "disputed," in accordance with the specific dispute letter sent to Defendant.

18. Despite reporting to the credit reporting agencies information about the alleged debt in March 2015 Defendant also failed to report Plaintiff's "dispute".

19. These collection communications from Defendant were abusive, deceptive, misleading, unfair, unconscionable and illegal communications in an attempt to collect the alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

20. As a consequence of the Defendant's action(s) in the year prior to filing of the instant action, the Plaintiff seeks damages, attorneys fees and costs pursuant to FDCPA § 1692k.

21. The actions and inactions of Defendant, as plead in their entirety in this complaint, are deceptive and unlawful acts and practices directed at Plaintiff that caused her injury and/or actual damages under New York State General Business Law § 349.

22.     As a consequence of the Defendant's action(s) in the year prior to filing of the instant action, the Plaintiff seeks damages, attorneys fees and costs pursuant to New York State General Business Law § 349.

### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT

23.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24.     Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

   a.   15 U.S.C. §1692e-preface, (2)(A), (8), and (10).

   b.   15 U.S.C. §1692f-preface and (1).

   c.   15 U.S.C. §1692g.

25.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to damages, attorneys fees and costs in accordance with the FDCPA.

### SECOND CAUSE OF ACTION
### NEW YORK STATE GENERAL BUSINESS LAW §349

26.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff included deceptive and unlawful acts and practices that violated New York State General Business Law § 349.

28.     As a result of Defendant's above violations of the New York General Business

Law, the Plaintiff has been injured and/or damaged and is entitled to damages, attorneys fees and costs in accordance with the New York General Business Law § 349.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Juri Rosario demands judgment from the Defendant Mercantile Adjustment Bureau, LLC as follows:

A. For actual damages provided and pursuant to 15 U.S.C. §1692k;

B. For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k;

C. For damages, trebled, pursuant to New York General Business Law § 349;

D. For attorneys' fees, costs and disbursements;

E. For an award of pre-judgment interest on all sums awarded and/or collected;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Juri Rosario hereby respectfully requests a trial by jury for all claims and issues in her Complaint to which she is or may be entitled to at a jury trial.

Dated:       April 6, 2015

                                                     Respectfully submitted,

                                                     **LAW OFFICES OF MICHAEL LUPOLOVER, P.C.**

                                                     By: <u>/s/ Allison Polesky</u>

Allison Polesky, Esq. (AP5446)
Law Offices of Michael Lupolover, P.C.
120 Sylvan Ave, Suite 300
Englewood Cliffs, NJ 07632
Phone:      201-461-0059
Facsimile: 201-608-7116
Email:      allison@lupoloverlaw.com
Attorney for the Plaintiff Juri Rosario